## GRIFFITH-DURNEY CO. v. ALTON MERC. CO.

No. 11236—Opinion Filed July 31, 1923.

1. **Appeal and Error—Questions of Fact—Findings.**

Where a case is tried to the court, and the court makes special findings of fact which are reasonably supported by the evidence, the same will not be disturbed by this court on appeal.

2. **Brokers—Liability for Shortage of Merchandise.**

A., a corporation engaged in the wholesale grocery business in Oklahoma, by telephone ordered a carload of canned fruits from M., a brokerage company in Oklahoma City, which was agent for G-D., a corporation dealing in such goods in San Francisco, Cal., which order was confirmed in writing and concluded with the words "contracts governing sale to follow". G-D. prepared such contract in the name of a canning company of California whose output it was handling and with which company it placed the order, and signed the name of the canning company, by it as agent, and forwarded the same to A., who signed and returned it. In a correspondence covering a period of seven months, G-D. appeared to be acting as principal. When the goods were shipped, G-D. rendered a statement in its own name and drew sight draft on A. in its own name, with bill of lading attached, which A. was compelled to pay and did pay to get the goods. In an action by A. against G-D. for damages for shortage of merchandise, held, G-D. was the real party in interest and liable to A. for such shortage.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by the Alton Mercantile Company against Griffith-Durney Company. Judgment for plaintiff, and defendant appeals. Affirmed.

McKeever & Moore, for plaintiff in error

Simons, McKnight & Simmons, for defendant in error.

Opinion by RAY, C. A jury was waived and trial had to the court. The court made special findings of fact, upon which judgment was rendered for the plaintiff on its first and third causes of action and for the defendant upon the second cause of action. The defendant appeals.

Plaintiff was engaged in the wholesale grocery business with its principal place of business at Enid, Okla., and the defendant was a corporation engaged in the brokerage business with its principal place of business at San Francisco, Cal.

For its first cause of action the plaintiff alleged that in February, 1916, it purchased from the defendant, by oral contract through the defendant's agents, McManus-Heryer Brokerage Company of Oklahoma City, one car of canned fruits, said car to be a 60,000 pound minimum car, and that the defendant failed to comply with its contract, but shipped to plaintiff a 40,000 pound minimum car of the fruits, and that plaintiff was compelled to and did go upon the open market and buy the fruits of like kind, quality, and quantity to make up the shortage, to plaintiff's damage in the sum of $198. For its third cause of action it was alleged that on the 16th day of September, 1916, plaintiff purchased from defendant, through its same agents at Oklahoma City, by telephone, 1,000 cases of tomatoes at 85c per dozen f. o. b. point of shipment, and that the sale was confirmed in writing; that the defendant failed to deliver the goods and the plaintiff was forced to and did go upon the open market and buy a like kind, quality, and quantity of tomatoes at an advanced price, to its damage in the sum of $800. The defendant, by its answer, put in issue the agency of McManus-Heryer Brokerage Company and alleged, in substance, that it was engaged in the brokerage business, and in these transactions was acting as agent for certain California canning companies: that as to the first cause of action the sale was made by the Code Portwood Canning Company and not by the defendant; that the defendant as such agent prepared a written contract between the Code Portwood Canning Co. and the plaintiff, of date March 2, 1916, which was signed by the plaintiff and the Code Portwood Company by the defendant as agent and that all prior negotiations merged into that contract, and that the defendant was not liable. Defendant further pleaded that the failure of the Code Portwood Company to furnish the quantity provided in the contract was a short pack which compelled that company to prorate its pack among its customers, and that the contract provided for such emergency.

As to the third cause of action the defendant answered, in substance, as in the first cause of action. except the contract entered into was with the Pacific Coast Canning Company, and, for reasons set out in the answer, the canning company was unable to ship the tomatoes before the commencement of the action. As to both causes of action it was alleged that as soon as it was learned that there would be a short pack the plaintiff was notified. In its reply the plaintiff put in issue all the allegations of the answer and alleged that the defendant was the real party in interest; that the canning companies were merely companies with which the defendant had arrangements to fill its contracts, and that the contracts set out in the answer were for the purpose of distributing defendant's business to the various packing companies; that the packing companies were, in fact, subsidiaries of the defendant and that upon shipment of the short car of fruits the defendant had in its own name and on its own behalf rendered a statement to plaintiff for the goods shipped.

The plaintiff tried the case upon the theory that it had purchased the goods from the defendant, and that the purported contracts were solely for the convenience of the defendant in carrying on its business. The defendant tried it upon the theory that all the negotiations merged into the contracts with the canning companies, that they were the real paries in interest, and that the defendant was merely acting as their agent and therefore not liable. The court adopted the theory of the plaintiff and made findings supporting the judgment.

The court found in his special findings of fact that McManus-Heryer Brokerage Company was the agent of the defendant, authorized to solicit and receive sales subject to confirmation by the defendant; that these sales were confirmed by the defendant; that the defendant was engaged in the business of dealing in canned fruit, vegetables, and other merchandise with its principal place of business at San Francisco; that it had contracts with the canning companies mentioned for the output of their canneries; that while in each instance the contract purported on its face to have been made out in the name of the canning company, the defendant prepared, signed, and guaranteed the contracts, and that the making of these contracts or specifications in the names of the canning companies was merely a method adopted by the defendant for distributing its orders among the canneries which were to fill the contract for the defendant, and that the defendant was the real party in interest; that when the car of fruits was shipped to plaintiff it was shipped in and under the name of the defendant, and that the

defendant rendered in its own name an invoice and drew a sight draft in its own name with bill of lading attached, which was paid by the plaintiff, and that the proceeds thereof were received by the defendant as its money. The court further found that the first car was short and that the defendant had failed to ship or deliver the 1,000 cases of tomatoes or any part thereof; that the plaintiff was compelled to, and did, go into the open market and buy goods of like kind, quality, and quantity to its damage in the sum of $123 on the first cause of action and $650 on the third cause of action.

The written confirmations of the sales, first initiated over the telephone, concluded with these words, "contracts governing sale to follow." Contracts did follow. One of the contracts was in the name of Code Portwood Canning Company and the other in the name of the Pacific Coast Canning Company. Plaintiff in error contends that for that reason the canning companies were the responsible parties and therefore the defendant was not liable. If there had been no other evidence in the case that conclusion would be correct. But the trial court found from all the evidence in the case that the defendant was the real party in interest, and that these contracts were written for the convenience of the defendant in the distribution of its business among the various canning concerns whose output it handled. There was ample evidence to sustain that finding. The correspondence as to the first contract extended over a period of more than seven months. That correspondence was between the plaintiff and defendant, either direct or through McManus-Heryer Brokerage Co. and no suggestion was made in any of that correspondence that the defendant was acting as agent and not as principal. The record contains more than 100 exhibits and we have examined them all, and the canning companies appear as parties only in these purported contracts, and they were written by the defendant at its place of business and their names signed by the defendant as agent. We think there was sufficient evidence to sustain this finding of the trial court.

The only authorities cited by the plaintiff in error are to the effect that where the authority of the agent was limited to receiving proposals subject to the right of the principal to reject, the principal was not bound until the proposed sale was approved by the principal. We think these authorities are not applicable. The trial court, in paragraph 13 of his findings said:

"The court further finds with reference to both the first and third causes of action, that the defendant in corresponding with the plaintiff, repeatedly recognized and ratified the sale by the defendant to the plaintiff of the car of fruit, and also the 1,000 cases of tomatoes, and that said defendant claimed and demanded the proceeds of the sale of said car of fruit, and demanded and received payment therefor in its own name, and for its own use and benefit."

We think there was sufficient evidence to sustain the findings of the trial court, and the judgment should be affirmed.

By the Court: It is so ordered.